MCNUTT LAW GROUP LLP
SCOTT H. MCNUTT (CSBN 104696)
DOUGLAS C. GRAHAM (CSBN 216870)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for HANK M. SPACONE,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CLINTON C. MYERS,<br><br>Debtor. | Case No. 08-31840-B-7<br><br>Chapter 7<br><br>DC No. MLG-026<br><br>**MOTION TO APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363**<br><br>Date: April 6, 2010<br>Time: 9:32 a.m.<br>Place: 501 I Street<br>      Department B<br>      Sacramento, California<br>Judge: Hon. Thomas C. Holman |

Hank M. Spacone ("Trustee"), the duly appointed and acting chapter 7 trustee in the bankruptcy estate of Clinton C. Myers (the "Debtor"), hereby seeks an order pursuant to Section 363(f) of the Bankruptcy Code[1] authorizing the Trustee to sell certain real property of the estate free and clear of liens to Thomas J. Teixeira and Yvonne J. Teixeira (the "Buyers"), or such overbidder who tenders a higher and better bid. In support of the Trustee's motion to approve sale (the "Motion"), the Trustee respectfully represents as follows:

---

[1] All references herein to the "Bankruptcy Code" are references to Title 11 of the United States Code §§ 101-1532 (2005); all references to a "Section" or "Sections" are to a particular section or sections thereof.

## BACKGROUND

On August 22, 2008, Debtor commenced this case by filing a petition for chapter 7 bankruptcy relief. Trustee was appointed as the chapter 7 trustee in the case and presently serves in that capacity.

Among the assets of the estate is the Coal Pit Road parcel, APN 045-070-013, listed in Debtor's schedules as 40 acres in Shasta County (APN 045-070-013) (the "Property").

The Property will be conveyed free and clear of all liens, claims and interests to the extent permitted by Section 363(f) of the Bankruptcy Code. A true and correct copy of the Purchase Agreement, including Counter Offer with Addendum dated August 5, 2009, is attached to the Declaration of Hank M. Spacone in support of this Motion as Exhibit A.

Prior to Buyers' acceptance of the counteroffer, the Trustee retained Chris Young of ERA Select Properties to market and sell the Property. This Court approved his employment on December 15, 2008.

The Debtor listed the fair market value of the property on Schedule A as $20,000, the original listing price was $75,000. As of June 26, 2009, the listing price was reduced to $60,000.

On November 5, 2009, the Buyers accepted Trustee's counteroffer to purchase the Property for $50,000. The counteroffer is subject to Bankruptcy Court approval and overbid.

One contingency to the deal going through was that the estate was to acquire an access easement to the property. The property at present is landlocked.

The Trustee has pursued obtaining an easement which required the preparation of a Legal Description for Ingress/Egress Easement across APN: 045-070-028 for the benefit of APN: 045-070-013. The Easement is expected to be recorded prior to the hearing on this motion.

## JURISDICTION

Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 363(b) and (f); Federal Rule of Bankruptcy Procedure 6004; and the reference to this Court by the United States District Court for the Eastern District of California.

## DISCUSSION

### A. Bidding Procedures

The Buyer's acceptance of the $50,000 purchase price is subject to Bankruptcy Court approval and overbid. Parties interested in making overbids should promptly contact the undersigned counsel for the Trustee at the address indicated above for information about the requirements for tendering an overbid.

Any bidders who wish to bid over $50,000 should be prepared to attend the hearing on sale of the Property on September 8, 2009 at 9:30 a.m. The hearing will be conducted in the courtroom of the Honorable Thomas C. Holman, United States Bankruptcy Court, 501 I Street, Department B, Sacramento, CA 95814.

The Trustee will continue to market the Property, and if additional offers are received, shall auction the Property in-court at the hearing on approval for sale of the Property.

### B. Legal Authority

Section 363 of the Bankruptcy Code provides that a Trustee may sell property of a bankruptcy estate. *See* 11 U.S.C. § 363(b). In addition, courts that have addressed the issue of a sale of all assets outside the ordinary course of business generally apply standards for court approval of such a sale. Most courts require a "business justification" for the transaction. *In re Equity Funding Corp. of America*, 492 F.2d 793 (9th Cir.), *cert. denied*, 419 U.S. 964 (1974) (sale of assets approved for "cause shown"); *In Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. B.A.P. 1988) (there must be some articulated business justification for using, selling or leasing the property outside of the ordinary course of business).

Sale of property in a chapter 7 estate should be approved if the Court determines that the proposed sale is in the best interest of the estate. *WBQ Partnership v. Virginia*, 189 B.R. 97 (Bankr. E.D. Va. 1995).

Selling the Property for $50,000 would be in the best interest of the estate because this amount is $30,000 more than the fair market value scheduled by the Debtor. Furthermore, Trustee believes that the proposed sale price is the highest offer received for the Property after the Property had been marketed for a reasonable period of time.

In addition, Section 363(f) provides that a trustee may sell assets of the estate free and clear of liens and interests in certain circumstances. Among other things, sales can be approved free and clear of liens if (1) applicable non-bankruptcy law permits the sale of such property free and clear of such interest; (2) such entity consents, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in *bona fide* dispute, or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

The Trustee has made a reasonable and good faith investigation of possible liens on the Property. Specifically, the Trustee conducted a search of records with the California Secretary of State for recorded security interests. Based thereon, no liens are believed to exist in the Property. Furthermore, the Debtor did not disclose any interests in the Property in its Schedule D.

The Trustee has made a reasonable and good faith investigation of possible liens on the Property. Specifically, the Trustee conducted a search of records with the California Secretary of State and also obtained a title report concerning all recorded security interests from the Fidelity National Title Company of California. Based thereon, it was discovered that Security Savings Bank recorded a Notice of Attachment on the Property on June 26, 2008 for $4.8 million.

The Trustee filed an Adversary Complaint to avoid that lien. [Adv No. 09-02594] (the "Adversary Proceeding"). Default Judgment was entered avoiding that lien on February 19, 2010. Adversary Proceeding, Doc. No. 35.

Thus, as the Trustee is the sole and exclusive owner of the Property and there are no other known liens, the Court may approve a free and clear sale. To the extent any creditor notified of this sale asserts a lien, the Trustee intends to sell the Property free and clear of that asserted lien on the grounds that the alleged security interest is not properly perfected, and therefore is the subject of a *bona fide* dispute.

/ / /

/ / /

/ / /

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing him to sell the Property to the Buyers (or any overbidder) free and clear of liens, with such liens attaching to the proceeds of sale with the same validity, priority, and amount as such lien held in the Property sold. The Trustee respectfully requests that the Court waive the ten (10) day stay of the effectiveness of the sale order imposed pursuant to Federal Rule of Bankruptcy Procedure 6004(g) so that the sale can close immediately following entry of the sale order.

Dated: February 24, 2010

Respectfully submitted,

McNUTT LAW GROUP LLP

By: /s/ Douglas C. Graham
Douglas C. Graham
Attorneys for HANK M. SPACONE,
Chapter 7 Trustee