FILED
October 11, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003826523

McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
DOUGLAS C. GRAHAM (CSBN 216870)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for HANK M. SPACONE,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re

CLINTON C. MYERS,

Debtor.

Case No. 08-31840-B-7

Chapter 7

DC No. MLG-084

**MOTION FOR ORDER APPROVING SALE OF PROPERTY**

Date: November 8, 2011
Time: 9:32 a.m.
Place: 501 I Street
Department B
Sacramento, California
Judge: Hon. Thomas C. Holman

Hank M. Spacone ("Trustee"), the duly appointed and acting chapter 7 trustee in the bankruptcy estate of Clinton C. Myers (the "Debtor"), hereby seeks an order pursuant to Section 363 of the Bankruptcy Code[1] authorizing the Trustee to sell a certain promissory Note payable to the estate (the "Note") to Thomas W. Ashcraft (the "Buyer"), or such overbidder who tenders a higher and better bid. In support of the Trustee's motion to approve sale (the "Motion"), the Trustee respectfully represents as follows:

---

[1] All references herein to the "Bankruptcy Code" are references to Title 11 of the United States Code §§ 101-1532 (2005); all references to a "Section" or "Sections" are to a particular section or sections thereof.

## I.

## BACKGROUND

On August 22, 2008, Debtor commenced this case by filing a petition for chapter 7 bankruptcy relief. Trustee was appointed as the chapter 7 trustee in the case and presently serves in that capacity.

On the Debtor's Schedule B, he disclosed his 100% interest in CC Myers Equipment Company, Inc. ("CCMEC") and reflected a value of $105,000. CCMEC was formed on December 19, 1994. The purpose of the entity was to purchase and finance equipment used by C.C. Myers, Inc. ("CCMI") on construction projects. The estate's interest in CCMI was sold in a transaction to the Companies ESOP which was approved by the bankruptcy court in the first quarter of 2011. Declaration of Hank M. Spacone ("Spacone Decl.") ¶2.

In 2007 the purchased equipment, then owned by CCMEC, along with the corresponding debt was transferred to CCMI. The only other assets that were held by this entity were two properties. One property was sold prior to calendar 2007 and the other property addressed at 7904 Auburn Blvd., Citrus Heights, California (approximately 1 acre) was sold to 1-31 Development, LLC on October 29, 2007 for $100,000. 1-31 Development is a single member LLC owned by the Debtor's son, Clinton Wallace Myers. Spacone Decl. ¶3.

As part of that sale, CCMEC carried back a note in the amount of $100,000. The terms of the note include an interest rate of 5% per year, principal and interest due and payable at the end of three years. The principal of $100,000 and the accrued and unpaid interest of $15,000 was due and payable November 2, 2010. The note has no personal or corporate guarantees ("non-recourse"). The note is secured by the property only. Spacone Decl. ¶4.

The property currently has some entitlements, but those are set to expire in May of 2012. This includes the ability to build a single commercial structure not to exceed 5,000 square feet. However, it is unlikely that the entitlements will be re-approved because the property currently sits in a flood plain and the city of Citrus Heights (the "City") does not allow for development in a flood plain. Further, the current depressed real estate market and economic environment does not foster development of the parcel. Spacone Decl. ¶5.

1     The City had offered 1-31 Development $30,600 for a right of way easement and some portion of the property for underground work and to expand an existing road. Because 1-31 Development did could not come to terms with the City, which would have included getting CCMEC's consent to the transaction, the City has now sued 1-31 Development in order to start the eminent domain process. It is unclear exactly what impact this will have on the value of the property. Spacone Decl. ¶6.

    The Trustee has received an offer from Thomas W. Ashcraft to purchase the outstanding note for $70,000. Buyer has provided a $5,000 deposit refundable if the transaction is not approved by the bankruptcy court. A true and correct copy of a Purchase Offer is attached hereto as **Exhibit A**. As described below, the Trustee believes that selling the Note for $70,000 is in the best interest of the estate. Spacone Decl. ¶7.

## II.
## JURISDICTION

    Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 363(b); Federal Rule of Bankruptcy Procedure 6004; and the reference to this Court by the United States District Court for the Eastern District of California.

## III.
## DISCUSSION

A.    **Bidding Procedures**

    The Buyer's acceptance of the $70,000 purchase price is subject to Bankruptcy Court approval and overbid. Parties interested in making overbids should promptly contact the undersigned counsel for the Trustee at the address indicated above for information about the requirements for tendering an overbid.

    Any bidders who wish to bid over $70,000 should be prepared to attend the hearing on sale of the Note on June 28, 2011 at 9:32 a.m. The hearing will be conducted in the courtroom of the Honorable Thomas C. Holman, United States Bankruptcy Court, 501 I Street, Department B, Sacramento, CA 95814.

    The Trustee will continue to market the Note, and if additional offers are received, shall

auction the Property in-court at the hearing on approval for sale of the Property.

### B. Legal Authority

Section 363 of the Bankruptcy Code provides that a Trustee may sell property of a bankruptcy estate. *See* 11 U.S.C. § 363(b). In addition, courts that have addressed the issue of a sale of all assets outside the ordinary course of business generally apply standards for court approval of such a sale. Most courts require a "business justification" for the transaction. *In re Equity Funding Corp. of America*, 492 F.2d 793 (9th Cir.), *cert. denied*, 419 U.S. 964 (1974) (sale of assets approved for "cause shown"); *In Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. B.A.P. 1988) (there must be some articulated business justification for using, selling or leasing the property outside of the ordinary course of business).

Sale of property in a chapter 7 estate should be approved if the Court determines that the proposed sale is in the best interest of the estate. *WBQ Partnership v. Virginia*, 189 B.R. 97 (Bankr. E.D. Va. 1995).

1-31 Development has refused to repay the outstanding balance. Trustee believes that 1-31 does not have the funds to pay the balance. Accordingly, selling the Note for $70,000 would be in the best interest of the estate because the Trustee believes that it is the best price obtainable for the Note. The Note is non-recourse, and to the Trustee's knowledge CCMEC has no funds or assets other than the Property, nor any liabilities. The only other option for obtaining value for the Note would be to foreclose on the Property. This would be costly and time consuming, and there would be no certainty as to the amount the estate would receive. Additionally, the pending eminent domain proceedings against the Property create further uncertainty. The Trustee believes that receiving $70,000 for the Note now is reasonable.

/ /

/ / /

/ / /

## IV.
## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing him to sell the Note on behalf of CCMEC, in his capacity as sole shareholder, to the Buyer (or any overbidder). The Trustee respectfully requests that the Court waive the ten (14) day stay of the effectiveness of the sale order imposed pursuant to Federal Rule of Bankruptcy Procedure 6004(g) so that the sale can close immediately following entry of the sale order

DATED: October 11, 2011 McNUTT LAW GROUP LLP

By: /s/ *Douglas C. Graham*
Douglas C. Graham
Attorneys for HANK M. SPACONE, Chapter 7 Trustee